IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CHUCK DEVLIN, Petitioner, vs. LEROY KIRKEGARD, et. al., Respondent. | Cause No. CV 15-172-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Chuck Devlin's application for writ of habeas corpus under 28 U.S.C. § 2254. Devlin is a state prisoner proceeding pro se.

I. **Procedural History**

Devlin challenges convictions from the Twentieth Judicial District Court, Lake County, Montana, for kidnapping, obstruction of a peace officer, and bail jumping. Pet. (Doc. 13 at 5, ¶ 4). Following a jury trial on the kidnapping and obstructing charges, Devlin was convicted of both counts. Devlin was sentenced as a persistent felony offender to 50 years at the Montana State Prison and given a 25-year parole restriction on the kidnapping conviction. Devlin appealed. *State v. Devlin*, DA 07-0760, 2009 MT 55N, Or. (Mont. Feb. 24, 2009). Subsequent to the kidnapping trial, Devlin pled guilty to bail jumping. Devlin received a 20 year sentence, with 15 years suspended and the sentence was ordered to run

1

concurrently with the kidnapping sentence. Devlin also filed a direct appeal in that matter. *State v. Devlin*, 2009 MT 18, 349 Mont. 67, 201 P. 3d 791 (Mont. Jan. 27, 2009).

In Devlin's direct appeal of the kidnapping and obstruction convictions, the Montana Supreme Court affirmed the trial court on the substantive issues, but remanded the matter to allow the trial court to amend the judgment. *Devlin*, 2009 MT 55N, ¶¶ 4-6; 10-13. In Devlin's direct appeal of the bail jumping conviction, the Court held that there was no abuse of discretion when Devlin was denied a change of venue. *Devlin*, 2009 MT 18, ¶¶ 30-36.

Subsequently, Devlin filed a petition for post-conviction relief from the kidnapping conviction, challenging the sufficiency of the evidence, the requisite mental state, trial counsel's performance, and alleging prosecutorial misconduct, governmental conspiracy and media bias. *See, Devlin v. State*, DA 10-0554, 2011 MT 120N, Or. at ¶ 5 (Mont. June 1, 2011). The trial court denied Devlin's petition, because it failed to comply with statutory procedures. *Id.* at ¶ 7. The Montana Supreme Court affirmed the denial. *Id.* at ¶¶ 8- 11.

On November 20, 2013, Devlin filed a petition for a writ of habeas corpus with the Montana Supreme Court. *Devlin v. Kirkegard*, OP 13-0773, Pet. (filed Nov. 20, 2013). Devlin claimed his kidnapping conviction resulted from an unreasonable application of the law; that had a legal duty to rescue the victim;

2

various constitutional violations; actual innocence; prosecutorial misconduct; and, ineffective assistance of counsel. *See, Devlin v. Kirkegard*, OP 13-0773, Or. at 2 (Mont. Dec. 03, 2013). The Montana Supreme Court held that all of claims were procedurally defaulted and denied relief. *Id.*

Devlin next filed a petition for an out of time appeal asserting he had obtained newly discovered evidence which would establish he was actually innocent of kidnapping. *See, Devlin v. State*, DA 13-0865, Or. at 1 (Mont. Jan. 14, 2014). The Montana Supreme Court denied Devlin's petition. *Id.* at 2.

Devlin attempted to file a second post-conviction petition in the trial court, raising a claim of actual innocence which was denied. *Devlin v. State*, DA 15-0159, 2015 MT 295N (Mont. Oct. 13, 2015). In affirming the trial court's denial, the Montana Supreme Court did not address whether or not Devlin could meet the actual innocence standard, but instead determined Devlin's petition was untimely. *Id.* at ¶ 8.

On December 28, 2015, Devlin filed his initial petition with this Court. (Doc. 1). Devlin was provided an opportunity to file an amended petition and did so on May 25, 2016. (Doc. 13). In his amended petition, Devlin raises twenty-four claims. *Id.*

On June 9, 2016, Devlin was ordered to show cause why his petition should not be dismissed with prejudice as time-barred. (Doc. 17). Devlin timely

3

responded and provided exhibits to support his response. (Docs. 18; 18-2). Additionally, Devlin provided a supplement to his response. (Doc. 19).

Devlin seems to assert that the time-bar should be set aside because he did not commit any of the referenced crimes of which he has been convicted and, accordingly a "manifest miscarriage of justice has occurred." (Doc. 18 at 1). Devlin asserts that he has newly discovered evidence, and that evidence coupled with his relatively recent discovery of *Schlup v. Delo*, 513 U.S. 298 (1995), and *State v. Beach*, 2013 MT 130, 370 Mont. 163, 302 P. 3d 47, warrant "tolling of time limits." *Id.* at 4. Devlin also seems to cast blame on his appellate attorney, who he asserts failed to preserve his appellate rights. *Id.* at 5. Devlin raises a due process argument and cites to *McQuiggin v. Perkins* for support that he has acted with timely diligence for purposes of this Court's review. *Id.* at 9. Devlin also seems to argue that his conviction for bail jumping was based on a misapplication that Montana law. (Doc. 19 at 1-2).

Devlin appears to conflate some of his arguments relative to his habeas petition with the showing this Court directed him to make, specifically why his petition should not be dismissed as time-barred. Devlin was directed to the ways in which he could make the requisite showing. *See*, (Doc. 17 at 9). Devlin was also informed that if he failed to make such a showing, his petition would be recommended for dismissal. As best as can be ascertained from Devlin's response,

4

the crux of Devlin's argument, relative to the time-bar at issue, is that he is actually innocent. Accordingly, the Court will analyze his response under the lens of actual innocence.

## II. Actual Innocence

A showing of actual innocence can support an equitable exception to the statute of limitations outlined at 28 U.S.C. § 2244. *Lee v. Lampert,* 653 F.3d 929, 937 (9th Cir.2011) (en banc); *McQuiggin v. Perkins,* —— U.S. ——, ——, 133 S.Ct. 1924, 1928 (2013). "[W]here an otherwise time-barred habeas petitioner demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may pass through the *Schlup* gateway and have his constitutional claims heard on the merits." *Lee,* 653 F.3d at 937; *accord, McQuiggin,* 133 S.Ct. at 1928. Actual innocence in this context "means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623–24, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Sawyer v. Whitley,* 505 U.S. 333, 339, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992) (citing *Smith v. Murray,* 477 U.S. 527, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986). To make a credible claim of actual innocence, petitioner must produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). The Court then

5

makes a " 'probabilistic determination about what reasonable, properly instructed jurors would do.' " *Schlup,* 513 U.S. at 330.

In support of his claim of actual innocence, Devlin provides a newspaper article from the *Missoulian*, published on December 11, 2010, detailing the criminal charge and guilty plea entered by a twenty-two year old man who had provided alcohol to a teenager on Halloween and then left the teenager on a lawn once he passed out from the alcohol consumption. (Doc. 18-1 at 20). Devlin asserts that this article illustrates the untenable legal position he found himself in prior to the initiation of the kidnapping charges against him- he either could "move the person or leave them lay." *Id.* Devlin points to the article that either option, moving the individual- as Devlin purportedly did when he took an intoxicated teenage girl into his van, or leaving them lay- as was done by the young man in the *Missoulian* article, results in the filing of felony charges. *Id.* Devlin seems to contend this article underscores his argument that he had a duty to rescue the young woman involved in his case and, accordingly, he is innocent.

The reality is, however, that Devlin advanced this "good Samaritan" argument at trial; but, unfortunately failed to convince the jury of its merits. *See e.g.* (Doc. 18-1 at 8)(referencing the "good Samaritan" argument, the postconviction court held that the "jury heard this argument and found [Devlin] guilty of Kidnapping in 2007"). While difficult to conceive how a newspaper

article, written years after Devlin's conviction, is relevant to Devlin's petition before this Court, the article hardly constitutes "new reliable evidence" that allows Devlin to make a credible showing of actual innocence. *See, House v. Bell*, 547 U.S. at 537-38; *McQuiggin*, 133 S. Ct. at 1928.

Devlin also provides an anonymous letter from a "Concerned Lake County Citizen" written August 14, 2010, in support of his claim of innocence. (Doc. 18-1 at 21). In this letter, the writer portrays Deputy Duryee, one of Devlin's arresting officers, as a non-credible and dishonest individual. But Devlin fails to explain how the actions or testimony of Deputy Duryee contributed to his conviction. Nor does he explain how, if at all, Deputy Duryee influenced the investigation or testimony of other officers involved in the arrest of Devlin. The letter hardly constitutes convincing or reliable evidence of Devlin's actual innocence.

Moreover, while diligence is not required to cross the threshold to excuse the time-bar when a convincing actual innocence claim is presented, it is still one factor the Court may look to in determining whether a sufficient showing of innocence has been made. "A court may consider how the timing of the submission and the likely credibility of [a petitioner's information] bear on the probable reliability of evidence [of actual innocence]." *McQuiggin*, 133 S. Ct. at 1935, *citing Schlup*, 513 U.S. at 332. Neither the newspaper article or the anonymous letter, both purportedly written in 2010, was presented to this Court

7

until 2016. Likewise, they were not presented to the state courts until 2013, three years after their "discovery." *See, Devlin v. State*, DA 13-0865. While this seeming lack of diligence in presenting the letter and article does not preclude this Court from considering Devlin's claim of actual innocence, it does bear on this Court's assessment of the reliability of the information presented. Neither of these items convincingly shows that Devlin is actually innocent of the crimes of which he has been convicted.

Finally, Devlin asserts that his discovery of *State v. Beach*, 2013 MT 130, 370 Mont. 163, 302 P. 3d 47, and, correspondingly, its reliance upon the standards set forth in *Schlup*, serve to excuse his untimeliness. While *Schlup* does provide the analytical framework discussed herein required to provide an exception to AEDPA's statute of limitation, it does not present a stand-alone claim for Devlin to pursue. *Schlup* merely provides a gateway through which Devlin's petition could pass, provided he is able to make an adequate showing of actual innocence.

To the extent that Devlin attempts to advance a legal argument that the state law was misapplied when he was charged for bail jumping after not personally appearing at his omnibus hearing, it appears Devlin may be being less than candid with this Court. While Devlin is correct that generally, the presence of the defendant is not required at the omnibus hearing, a defendant's presence can be ordered by the court. Mont. Code Ann. § 46-13-110(3). From the transcript

8

Devlin attaches, it appears that his personal appearance was, in fact, ordered, which tends to explain why an arrest warrant was issued and bond was set when he failed to appear. (Doc. 19-1 at 6-7). It would also explain why Devlin subsequently pled guilty to the offense of bail jumping.

Regardless, even if Devlin could present a valid legal argument in relation to this matter, the claim that Devlin attempts to advance is one of legal innocence. In order to pass through the *Schlup* gateway and have his petition heard on the merits, that is not sufficient. Devlin must establish his actual innocence. Actual innocence in this context "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. 614, 623–24. Devlin has not met the standard of actual innocence. He has failed to demonstrate, more likely than not, that no reasonable juror would have convicted him in light of the newly discovered evidence he has presented here. *See, Lee*, 653 F.3d at 937; *McQuiggin*, 133 S.Ct. at 1928.

Because Devlin has not made a convincing showing of actual innocence, he is not entitled to an equitable exception to the statute of limitations and his petition should be dismissed with prejudice.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner

9

makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Devlin has not made a substantial showing that he was deprived of a constitutional right. Further, because he has not demonstrated a basis to excuse his untimely filing, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Mr. Devlin's petition (Doc. 1) and amended petition (Doc. 13) should be DISMISSED WITH PREJUDICE as time-barred.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Devlin may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Devlin must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 11th day of August, 2016.

_____
Jeremiah C. Lynch
United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.