IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| CHUCK DEVLIN, | CV 15–172–M–DLC–JCL |
| Petitioner, | |
| vs. | ORDER |
| LEROY KIRKEGARD, et al., | |
| Respondents. | |

On August 11, 2016, United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendations, recommending that Plaintiff Chuck Devlin's ("Devlin") petition be dismissed as time barred. On September 6, 2016, the Court received a motion from Devlin requesting a 30 day extension to file objections to the Findings and Recommendations. Devlin is currently incarcerated and is proceeding pro se in this matter. The Court granted that motion and extended Devlin's deadline to file objections to the Findings and Recommendations to October 6, 2016. (Doc. 23.) The Court received Devlin's second motion to extend the deadline to file his objections on October 11, 2016. The Court granted that extension, but only by 30 days, and ordered Devlin to file his objections by November 14, 2016. (Doc. 25.)

-1-

Now before the Court is Devlin's third motion for an extension of time to file objections to the Findings and Recommendations, or, in the alternative, a motion for appointment of counsel. (Doc. 26.) In an attached letter to Judge Lynch, Devlin explains that he could only file a portion of his objections since he ran out of time to finish his brief. (Doc. 26-1 at 1.) Devlin explained that he would place the remainder of his brief in the prison "mail cart" on November 22, 2016. (*Id.*) The Court has waited an appropriate amount of time to receive the remainder of Devlin's brief, but, given that it has been two weeks, the Court does not believe that further briefing will be filed. Consequently, the Court does not find good reason to grant a third extension and will treat Devlin's 27-page brief (which is inaccurately titled "Motion for 3rd Extension or, in the Alternative") as his objections to the Findings and Recommendations. The Court will also deny Devlin's successive request for appointment of counsel, as the Court has already prescreened Devlin's petition and denied Devlin appointment of counsel. (Doc. 16.)

Within Devlin's objection, he submitted a verification that he placed his brief in the prison mailbox on November 14, 2016. (Doc. 26-1 at 2.) Therefore, the Court finds that Devlin timely filed an objection to the findings and recommendations, and so is entitled to a de novo review of those findings and

recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Notwithstanding the above, "[w]here a petitioner's objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original habeas petition, the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315 at *3 (D. Mont. Feb. 21, 2014) (citations omitted).

Having reviewed Devlin's objection, the Court finds that he fails to articulate any specific issue with Judge Lynch's reasoning, and instead reiterates his perception that his constitutional rights have been violated in some manner. Devlin does not present any new, reliable evidence that proves his actual innocence, which would support an equitable exception to the statute of limitations in this case. The Court agrees with Judge Lynch that Devlin has failed

to demonstrate, more likely than not, that no reasonable juror would have convicted him in light of newly discovered evidence.

Accordingly, the Court reviews Judge Lynch's Findings and Recommendations for clear error and, finding none,

IT IS ORDERED that Devlin's Motion for Extension of Time to File Objections to the Findings and Recommendations and to Appoint Counsel (Doc. 26) is DENIED.

IT IS FURTHER ORDERED that Judge Lynch's Findings and Recommendations (Doc. 20) are ADOPTED IN FULL. Devlin's petition for writ of habeas corpus (Docs. 1, 13) is DISMISSED as time barred.

IT IS FURTHER ORDERED that the Clerk of Court shall enter by separate document a judgment of dismissal.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

DATED this 5th day of December, 2016.

Dana L. Christensen, Chief Judge
United States District Court