

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

CHUCK DEVLIN,

    Petitioner,

vs.

LEROY KIRKEGARD, et al.,

    Respondents.

CV 15–172–M–DLC–JCL

ORDER

On December 5, 2016, this Court adopted United States Magistrate Judge Jeremiah C. Lynch's Findings and Recommendations and dismissed Plaintiff Chuck Devlin's ("Devlin") habeas petition. On December 15, 2016, Devlin filed a "Motion for Stay of Judgment," which the Court will construe as a Motion for Reconsideration. Devlin did not seek leave of Court to file the Motion for Reconsideration, as required by Local Rule 7.3(a). While Local Rule 7.3 is intended to eliminate motions for reconsideration that seek nothing more than de novo consideration of the arguments and authorities previously presented to the Court, this Court will address Devlin's Motion for Reconsideration on the merits.

Devlin argues that the Court should reconsider its judgment adopting Judge Lynch's Findings and Recommendations and its judgment denying Devlin's

Motion for Appointment of Counsel. Post-judgment motions for reconsideration are governed by Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. "A district court may grant a Rule 59(e) motion if it is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (citations and internal quotation marks omitted). "Clear error exists when . . . [a] court is left with the definite and firm conviction that a mistake has been made." *In re Adamson Apparel, Inc.*, 785 F.3d 1285, 1291 (9th Cir. 2015) (citations omitted). "[A] Rule 59(e) motion is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Wood*, 759 F.3d at 1121 (citations and internal quotation marks omitted).

The Court is not willing to entertain the same arguments Devlin has made from the outset of this case. Not only has Devlin failed to present his motion according to Rule 7.3 of the Local Rules of Civil Procedure, but the substance of his motion does not call into question Judge Lynch's analysis of his case or this Court's adoption of that analysis. Devlin instead contends that this Court made a "Rush to Judgment" which was unfair, unreasonable, and a fundamental miscarriage of justice. However, Devlin's petition was dismissed as time-barred and he continues to fail to present any new evidence that would support an

equitable exception to the statute of limitations in this case. Devlin's arguments are again repetitive and not sufficient to reconsider the ruling.

Further, the Court understands Devlin's frustration proceeding pro se, and the Court allowed Devlin two extensions to submit his objections to that effect. (Docs. 23, 25.) Construing Devlin's Motion for Reconsideration in the most favorable way possible, while also reviewing the motion as an extraordinary remedy, the Court is still unable to find a basis to overturn its decision to dismiss Devlin's petition. Devlin provided documentation from the Montana State Prison that indicates he has been afforded adequate opportunity to research his case, which is the same amount of time and access afforded to all other prisoners. (Doc. 30-1 at 5–10.) Devlin has even been given a specific book he requested from an interlibrary loan. (*Id.*) Regardless of his time researching and preparing responses to Judge Lynch's Findings and Recommendations and this Court's Order dismissing his case, Devlin remains unable to present any new factual evidence that support his actual innocence. Consequently, because the Court does not find any newly discovered evidence, clear error, or an intervening change in the controlling law, the Court does not find grounds to grant Devlin's Motion for Reconsideration.

Accordingly, IT IS ORDERED that Devlin's Motion for Reconsideration (Doc. 30) is DENIED.

DATED this 19th day of December, 2016.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court