IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CHUCK DEVLIN, | Cause No. CV 15-172-M-DLC-JCL |
| Petitioner, | |
| vs. | ORDER |
| LEROY KIRKEGARD, et al., | |
| Respondents. | |

On December 5, 2016, this Court adopted United States Magistrate Judge Jeremiah C. Lynch's Findings and Recommendations and dismissed Mr. Devlin's habeas petition as time-barred. Devlin subsequently filed a Motion for Stay of Judgment which was construed as a Motion for Reconsideration. (Doc. 30). As was explained to Devlin, because he failed to present newly discovered evidence or demonstrate that the Court had committed clear error, he was not entitled to relief under either Federal Rule of Civil Procedure 59(e) or 60(b). (Doc. 31 at 2-3). The Court also considered Devlin's apparent frustration at proceeding pro se, but determined that adequate opportunity and resources had been provided to Devlin. *Id.* at 3. Devlin failed to present new factual evidence to support his claim of actual innocence.

Devlin, undeterred, continues to seek reconsideration of the dismissal of his petition. He seeks to reopen the proceedings based apparently upon "newly

1

discovered evidence" which consists of the fact that he was not indicted by a grand jury, but rather his state felony prosecution was initiated by the filing of an information. See, (Docs. 33; 34). Devlin also reasserts his argument relative to the lack of resources available to prisoners at the Montana State Prison library, see (Doc. 33-1 at 1), and again argues that his untimeliness should be excused because he is actually innocent and was denied his full appellate record. *Id.* at 2-3; see also, (Doc. 34-2 at 2). Devlin again requests an evidentiary hearing before this Court and the appointment of counsel. *Id.* at 4; see also, (Docs. 33-2; 34-1; 34-2; 34-3). In addition, Devlin has filed an "Ex Parte Petition for a Writ of Error Quo Warranto." (Doc. 35).

Upon review of Devlin's recent filings, the previous order of this Court dismissing Devlin's petition remains. Devlin's prior motion for reconsideration was already addressed on its merits. See, (Doc. 31). Nothing contained in Devlin's recent filings alters the analysis already provided for this Court's denial. To the extent that Devlin seeks to now raise new claims, this Court is without jurisdiction to hear them unless and until Devlin obtains leave from the Ninth Circuit Court of Appeals to file a successive habeas petition. 28 U.S.C. § 2244(b); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

Finally, under federal case law, a quo warranto proceeding can be brought only by the United States, and not a private individual. *Johnson v. Manhattan Ry.*

2

Co., 289 U.S. 479, 502 (1933) (Quo warranto is addressed to preventing a continued exercise of authority unlawfully asserted, not to a correction of what already has been done under it or to a vindication of private rights). "[T]he federal common law remedy has been available only in connection with proceedings over an individual's right to hold an office or position." *Sundance Land Corp. v. Cmty. First Fed. Sav. & Loan Ass'n*, 840 F. 2d 653, 665 (9th Cir. 1988). To the extent that Devlin seeks to circumvent the procedural requirements for habeas petitions, he may not do so by attempting to file a successive petition or claim under the guise of a petition for a writ quo warranto. The Court has considered all of Devlin's claims; his recourse, if any, now lies in appeal.

Accordingly, IT IS ORDERED that Devlin's Motion to Reopen Case (Doc. 33) and Motion for Writ of Error Quo Warranto (Doc. 35) are DENIED.

DATED this 6th day of January, 2017.

Dana L. Christensen, Chief Judge
United States District Court